IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| ADVANCED PAIN THERAPIES, LLC, | ) | C.A. No. 3:14-CV-00050-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| THE HARTFORD FINANCIAL | ) | |
| SERVICES GROUP, INC., d/b/a | ) | |
| HARTFORD CASUALTY INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Advanced Pain Therapies, LLC ("Plaintiff") filed this action against Defendant The Hartford Financial Services Group, Inc. ("Defendant") asserting claims for bad faith refusal to pay insurance benefits, breach of contract, breach of contract accompanied by a fraudulent act, conversion, violation of the Unfair Trade Practices Act, negligent misrepresentation, attorney's fees, unfair acts in the business of insurance, and estoppel and waiver. (ECF No. 1-1.) This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint brought pursuant to Federal Rule of Civil Procedure 12(b)(6), 8(a)(2), and 9(b) and filed on January 14, 2014. (ECF Nos. 6-1 & 7.) On January 30, 2014, Plaintiff filed a response in opposition to Defendant's motion to dismiss maintaining that it has stated sufficient allegations under the applicable standards. (ECF No. 10.) Defendant filed a reply in support of its motion to dismiss on February 10, 2014. (ECF No. 11.) For the reasons set forth below, this Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

This matter was removed to this Court from the Court of Common Pleas in Lexington County, South Carolina based on diversity jurisdiction. (ECF No. 1.) This action arises out of an insurance contract between Plaintiff, a medical practice, and Defendant, an insurer. According to the complaint, the relevant dispute involves Plaintiff's insurance claim to recover business losses allegedly sustained as a result of Plaintiff's office manager's embezzlement of funds. Defendant ultimately denied the full loss claimed and tendered limited payment to Plaintiff. (ECF No. 1-1.) Defendant moves to dismiss this action on the grounds that the complaint fails to allege facts to support the causes of action asserted and is otherwise insufficient under the federal rules. Defendant argues that Plaintiff's third, fourth, fifth, eighth, and ninth causes of action are not viable as a matter of law and should be dismissed on this additional ground. (ECF No. 6-1.)

**LEGAL STANDARDS**

Defendant moves to dismiss this case pursuant to Rules 12(b)(6), 8(a)(2) and 9(b)[1] of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). To survive a motion to dismiss, the Federal Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*,

---

[1] "[L]ack of compliance with Rule 9(b)'s pleading requirements is treated as a failure to state a claim under Rule 12(b)(6)." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n. 5 (4th Cir.1999).

550 U.S. at 555. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In considering a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint and all reasonable inferences are liberally construed in the plaintiff's favor. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION AND ANALYSIS

In view of the applicable standards, the Court concludes that Plaintiff's complaint must be dismissed for failure to state a claim. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," "mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In this case, Plaintiff's general allegations do not allow the Court to draw the reasonable inference that Defendant is liable for the alleged misconduct and the complaint is therefore subject to dismissal. Additionally, several of Plaintiff's claims are not viable as a matter of law as discussed more fully below.

3

A. Count I: Bad Faith Refusal to Pay Insurance Benefits

As a first cause of action, Plaintiff generally claims that Plaintiff and Defendant are parties to a mutually binding contract of insurance and that Defendant has in bad faith refused to pay benefits due under the contract. (ECF No. 1-1 at 8-9.) Under South Carolina law, the elements of a bad faith refusal to pay insurance benefits cause of action are "(1) the existence of a contract of insurance between the parties; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action; and (4) causing damage to the insured." *Snyder v. State Farm Mut. Auto. Ins. Co*., 586 F.Supp. 2d 453, 457 (D.S.C.2008) (citing *Howard v. State Farm Mut. Auto. Ins. Co*., 316 S.C. 445, 450 S.E.2d 582, 586 (S.C.1994)). Here, Plaintiff's complaint fails to adequately allege facts establishing the existence of a contract or its essential terms. It contains only bare and conclusory allegations which are insufficient to establish a cause of action for bad faith refusal to pay insurance benefits. Accordingly, this cause of action is dismissed.

B. Count II: Breach of Contract

Plaintiff also maintains that Defendant breached the contract of insurance by failing to properly pay benefits which resulted in damage to Plaintiff. To establish a breach of contract, Plaintiff must establish three elements: (1) a binding contract entered into by the parties; (2) breach or unjustifiable failure to perform the contract; and (3) damage as a direct and proximate result of the breach. *Bank v. How Mad, Inc.,* 4:12-cv-3159, 2013 WL 5566038, *3 (D.S.C. Oct. 8, 2013) (citing *Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 124 S.E.2d 602 (1962)). As noted above, the complaint fails to set forth sufficient facts establishing the existence of a binding contract between Plaintiff and Defendant. It likewise fails to set forth sufficient facts regarding how the contract was breached. Here, Plaintiff's breach of contract claim is supported by

4

nothing more than legal conclusions which the Court need not accept as true. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). Plaintiff's breach of contract claim is subject to dismissal.

    C.   Count III: Breach of Contract Accompanied by a Fraudulent Act

To support its claim for breach of contract accompanied by a fraudulent act, Plaintiff alleges that Defendant represented that the insurance policy purchased by Plaintiff would provide coverage for its business losses, that these representations were false, intentional, and material, and that Plaintiff relied upon these representations. (ECF No. 1-1 at 9-10.) In order to recover for breach of contract accompanied by a fraudulent act, a plaintiff must establish: (1) a breach of contract; (2) that the breach was accomplished with a fraudulent intention; and (3) that the breach was accompanied by a fraudulent act. *Minter v. GOCT, Inc.,* 322 S.C. 525, 529-530, 473 S.E.2d 67, 70 (S.C. Ct. App. 1996). A claim for breach of contract accompanied by a fraudulent act "requires proof of fraudulent intent relating to the breaching of the contract not merely to its making." *Ball v. Canadian American Exp. Co., Inc.*, 314 S.C. 272, 276, 442 S.E.2d 620, 623 (S.C. Ct. App. 1994). The fraudulent act that must accompany the breach is defined as "any act characterized by dishonesty in fact or unfair dealing." *RoTec Servs., Inc. v. Encompass Servs., Inc.,* 359 S.C. 467, 470, 597 S.E.2d 881, 883 (S.C. Ct. App. 2004).

Because Plaintiff alleges breach of contract accompanied by a fraudulent act, Plaintiff must plead the allegations of fraud with particularity as required by the heightened pleading standard in Rule 9(b) of the Federal Rules of Civil Procedure. *See Neuman v. Levan*, 8:08-03418, 2009 WL 1856569 (D.S.C. June 26, 2009). Plaintiff fails to do so here and instead relies on general and conclusory statements as to Defendant's allegedly fraudulent acts. Plaintiff's

allegations concern a disagreement with Defendant's decision concerning coverage under the policy, and do not offer evidence of an "independent fraudulent act which accompanied the breach." *Minter*, 322 S.C. at 530, 473 S.E.2d at 70; *Smith v. Canal Ins. Co.*, 275 S.C. 256, 260, 269 S.E.2d 348, 350 (S.C. 1980) (noting that the insurer's refusals to pay the losses under the policy until after it had instituted a civil action only reaffirmed insurer's position on coverage and were not fraudulent in and of themselves). Further, as noted above, the complaint contains no factual allegations as to the nature and existence of the contract or its terms. Thus, Plaintiff fails to state a claim as a matter of law for breach of contract accompanied by a fraudulent act.

 D. Count IV:  Conversion

Plaintiff also alleges that Defendant wrongfully "converted the insurance proceeds . . . for its own use and has wrongfully prevented the Plaintiff from using or otherwise enjoying said proceeds." (ECF No. 1-1 at 11.) Under South Carolina law, a conversion is "an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's rights." *Ray v. Pilgrim Health & Life Ins. Co.*, 206 S.C. 344, 34 S.E.2d 218 (1945)(internal quotations and citation omitted). Not only do Plaintiff's bare allegations as to this cause of action fail under the standards of *Iqbal* and *Twombly*, Plaintiff's conversion cause of action is no more than an effort to recast its breach of contract cause of action. *See Ray,* 206 S.C. at 348, 34 S.E.2d at 219 (rejecting a claim for conversion brought by a plaintiff who had been denied a refund for a deposit made in conjunction with an application for life insurance); *Channelbind Intern. Corp. v. Esselte Corp.*, 7:08-2880, 2009 WL 3617611 (D.S.C. Oct. 29, 2009) ("Channelbind cannot assert another breach of contract claim masked as a conversion claim."). Accordingly, Plaintiff's conversion claim fails.

E. Count V: Unfair Trade Practices Act

Plaintiff alleges that Defendant's acts constituted unfair and deceptive acts in the conduct of a trade or commerce and are therefore unlawful under the South Carolina Unfair Trade Practices Act ("SCUTPA"), S.C. Code Ann. § 39–5–20(a). (ECF No. 1-1 at 11-12.) In order to establish a SCUTPA violation, a plaintiff must demonstrate "(1) that the defendant has engaged in an unlawful trade practice, (2) that the plaintiff suffered actual, ascertainable damages as a result of the defendant's use of the unlawful trade practice, and (3) that the unlawful trade practice engaged in by the defendant had an adverse impact on the public interest." *Havird Oil v. Marathon Oil Co., Inc*., 149 F.3d 283, 291 (4th Cir. 1998). Plaintiff's complaint sets forth the elements of a SCUTPA cause of action but lacks supporting facts, such as what specific acts by Defendant resulted in a violation of the SCUTPA.

Plaintiff's claim also fails as a matter of law. In response to Defendant's motion to dismiss, Plaintiff admits that "South Carolina law is clear that violations of the Unfair [Trade] Practices Act do not create a private right of action against insurers." (ECF No. 10-1 at 3.) Having admitted as much, Plaintiff urges the Court to apply "persuasive" legislative reasoning to the instant action to allow its cause of action to go forward. The Court declines to do so where the applicable statute clearly states that the SCUPTA does not apply to practices covered and regulated by the Insurance Trade Practices Act, Title 38, Chapter 57, §§ 38-57-10 through 38-55-320 ("ITPA"). *See* S.C. Code Ann. § 39–5–40(c). Because this cause of action for unfair trade practices pertains to the business of insurance, this claim is not regulated under SCUTPA and is therefore dismissed as a matter of law. *See Trustees of Grace Reformed Episcopal Church v.*

7

*Charleston Ins. Co.*, 868 F. Supp. 128, 132 (D.S.C. 1994); *K&M Merchandising, LLC v. American Western Home Ins. Co.*, 4:09-cv- 1943, 2010 WL 597217 (D.S.C. Feb. 16, 2010)(noting that it was undisputed that the plaintiff's SCUTPA claim related to a dispute over insurance coverage and granting the defendant's motion to dismiss the plaintiff's SCUTPA claim).

F. Count VI: Negligent Misrepresentation

Plaintiff's claim for negligent misrepresentation also fails. To state a claim for negligent misrepresentation, a plaintiff must show that: "(1) the defendant made a false representation to the plaintiff; (2) the defendant had a pecuniary interest in making the statement; (3) the defendant owed a duty of care to communicate truthful information to the plaintiff; (4) the defendant breached that duty; (5) the plaintiff justifiably relied on the representation; and (6) the plaintiff suffered a pecuniary loss as a result of such reliance." *Schnellmann v. Roettger*, 368 S.C. 17, 20-21, 627 S.E.2d 742, 744 (S.C. Ct. App. 2006). Here, Plaintiff's claim falls short and merely offers "labels and conclusions, and a formulaic recitation of the elements of [the] cause of action." *See Twombly*, 550 U.S. at 555. Plaintiff states the elements of its claim but fails to provide any supporting facts, i.e., the nature of the alleged false representation. Accordingly, Plaintiff's claim for negligent misrepresentation must be dismissed.

G. Count VII: Attorney's Fees under S.C. Code Ann. § 38-59-40

Because the Court has determined that Plaintiff fails to state a claim for bad faith refusal to pay insurance benefit (Count I), Plaintiff's cause of action for attorney's fees under S.C. Code Ann. § 38-59-40 necessarily fails. "An insurer is liable to the policy holder for all reasonable attorneys' fees for the prosecution of the case against the insurer if the trial judge finds the refusal to pay the policyholder's claim was without reasonable cause or in bad faith." *Mixon,*

*Inc., v. American Loyalty Ins. Co.*, 349 S.C. 394, 400-401, 562 S.E.2d 659, 662 (S.C. Ct. App. 2002). As discussed above, Plaintiff does not provide any factual support to establish that Defendant acted unreasonably and in bad faith. Thus, this claim must be dismissed.

H. Count VIII: Unfair Acts in Business of Insurance

Plaintiff's eighth cause of action under the ITPA is inadequately pled and also fails as a matter of law. The ITPA prohibits insurance companies from engaging "in any trade practice which is defined in this chapter as, or determined pursuant to this chapter to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." S.C. Code § 38–57–30. The actions of the Defendant in this matter would be regulated by this ITPA. The Act, however, "clearly manifests legislative intent to create an administrative remedy and not a private right of action." *Masterclean, Inc. v. Star Ins. Co.,* 347 S.C. 405, 415, 556 S.E.2d 371, 377 (S.C. 2001). Thus, any claim under the Insurance Trade Practices Act is not properly before this Court. *See Lewis v. Omni Indem. Co.*, 970 F. Supp. 2d 437 (D.S.C. 2013); *Snyder v. State Farm Mut. Auto. Ins. Co.,* 586 F.Supp.2d 453 (D.S.C. 2008).

I. Count IX: Estoppel and Waiver

Lastly, Plaintiff contends that "Defendant's acts also constitute a waiver of any misrepresentations alleged" and requests that Defendant be estopped from denying coverage to Plaintiff's claim. (ECF No. 1-1 at 14.) Plaintiff's allegations concerning its estoppel and waiver cause of action are factually insufficient. Further, such claims cannot stand as a matter of law because Plaintiff may not use the doctrines of estoppel and waiver to expand or create insurance coverage. *See Campbell, Inc. v. N. Ins. Co. of New York*, 337 F. Supp. 2d 764, 769 (D.S.C. 2004). These doctrines are simply not the appropriate avenues to address the issues. This cause of action is hereby dismissed.

**CONCLUSION**

For the aforementioned reasons, this Court **GRANTS** Defendant's Motion to Dismiss in its entirety. (ECF No. 6.) Plaintiff's third, fourth, fifth, eighth, and ninth causes of action are dismissed with prejudice as a matter of law. Plaintiff's remaining claims are dismissed without prejudice.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

September 3, 2014
Spartanburg, South Carolina